J-S72029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SONYA LOUISE WINTERS | : | |
| | : | |
| Appellant | : | No. 974 MDA 2018 |

Appeal from the Judgment of Sentence May 15, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000266-2018

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:          **FILED: JANUARY 11, 2019**

Sonya Louise Winters ("Appellant") appeals from the judgment of sentence entered after she pled guilty to one count of delivery of a controlled substance.[1]  In addition, counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 209).[2]  We permit counsel to withdraw and affirm the judgment of sentence.

The record reveals that, at 1:43 p.m. on January 18, 2018, Appellant delivered approximately one and one-half grams of cocaine to a confidential informant in the Loyalsock Township K-Mart parking lot, pursuant to a

_____

[1]  35 P.S. § 780-113(a)(30).

[2] The Commonwealth chose not to file a brief.  Letter to Superior Court Deputy Prothonotary, 9/27/18.

controlled buy supervised by State Police Trooper Tyler Morse. Affidavit of Probable Cause, 1/30/18, at 5–6. In a criminal complaint filed at CP-41-CR-0000266-2018, the Commonwealth charged Appellant with two counts of delivery of a controlled substance (cocaine), one count of criminal use of communication facility, one count of possession of a controlled substance, and one count of driving without a license. Complaint, 1/30/18, at 2–4.

Pursuant to a negotiated plea agreement, Appellant pled guilty to one count of delivery of a controlled substance. Guilty Plea, 3/5/18. The trial court sentenced Appellant to incarceration for a term of nine months to forty-eight months. N.T. Sentencing, 5/15/18, at 16. Appellant was eligible for the Recidivism Risk Reduction Incentive (RRRI)[3] at six months and twenty-two days. *Id.* Appellant filed a timely motion for reconsideration of sentence on May 25, 2018, which the trial court denied on June 8, 2018. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Before we address any questions raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy

---

[3] 61 Pa.C.S. §§ 4501-4512.

of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel averred that he "reviewed the original file and the transcripts from the proceedings, consulted with Appellant's original attorney, and finds no justifiable issues upon which this appeal can be based." *Anders* Brief at 8. Counsel sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the brief satisfies our Supreme Court's dictates in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

- 3 -

Here, counsel's brief is sufficiently compliant with **Santiago**. The brief sets forth the procedural history of this case,[4] outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that counsel has met the procedural and briefing requirements for withdrawal. "[W]hen counsel meets his or her obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" **Santiago**, 978 A.2d at 355 n.5 (quoting **Commonwealth v. McClendon**, 434 A.2d 1185, 1187 (Pa. 1981)).

Counsel for Appellant has indicated that, after a thorough and careful review of the certified record, there are no meritorious issues. **Anders** Brief at 8. However, counsel does set forth one possible issue on Appellant's behalf:

I.     Did the trial court abuse its discretion when imposing a sentence of nine (9) to forty-eight (48) months confinement in a state correctional institution; a sentence that fails to consider the history, characteristics, and rehabilitative needs of the Appellant?

---

[4] Counsel has failed to include a factual summary and does not provide record citations in the procedural summary in contravention of Pa.R.A.P. 2117(a)(4) and 2119(c). We admonish counsel that it "is not this Court's responsibility to comb through the record seeking the factual underpinnings of [Appellant's] claim." **Irwin Union Nat. Bank & Tr. Co. v. Famous**, 4 A.3d 1099, 1103 (Pa. Super. 2010) (citing **Commonwealth v. Mulholland**, 702 A.2d 1027, 1034 n.5 (Pa. 1997)).

*Anders* Brief at 4 (full capitalization omitted).[5]

This issue presents a challenge to the discretionary aspects of Appellant's sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

An appellant challenging the discretionary aspects of her sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant

---

[5] We note that counsel included a second issue: "Should an application to withdraw as counsel be granted where counsel has investigated the possible grounds of appeal and finds the appeal frivolous?" *Anders* Brief at 4. This issue is implicit in counsel's petition to withdraw.

advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

Herein, the first three requirements of the four-part test are satisfied: Appellant brought a timely appeal, raised the challenge in a post-sentence motion, and, at page seven of the ***Anders*** brief, included a concise statement of the reasons relied upon for allowance of appeal. Therefore, we next determine whether Appellant raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

On Appellant's behalf, counsel submits that "the trial court imposed a sentence that is manifestly excessive in relation to [Appellant's] characteristics, nature of the offense, and rehabilitative needs." ***Anders*** Brief at 7. Appellant seeks a county sentence. ***Id.*** We conclude that Appellant's challenge to the imposition of her sentence as excessive, together with her claim that the trial court failed to consider her rehabilitative needs, presents a substantial question. ***See Commonwealth v. Johnson***, 125 A.3d 822 (Pa. Super. 2015) (excessive sentence claim, in conjunction with assertion that

sentencing court failed to consider mitigating factors, raises a substantial question). Thus, we grant Appellant's application for allowance of appeal and address the merits of this sentencing claim. *Caldwell*, 17 A.3d at 770.

The record reveals that the trial court reviewed on the record a pre-sentence investigation report ("PSI") provided by the Pennsylvania Board of Probation and Parole. N.T. Sentencing, 5/15/18, at 3–7. Moreover, defense counsel advised the court of Appellant's efforts to obtain a mental health, drug and alcohol evaluation and a recent hospitalization, which has caused Appellant "to finally begin[] to address the deep underlying issue[], which seems to be mental health." *Id.* at 13. Thus, the trial court was aware of Appellant's background, criminal history, mental health diagnosis, and failure to obtain and maintain treatment.

The trial court stated the basis for Appellant's sentence as follows:

[Appellant] had contacts with Lewistown in Mifflin County, Mt. Union Police Department, and Pennsylvania State Police Huntington dating back to 2001.[3] In 2013 [Appellant's] State IP was revoked and she was resentenced to fifteen (15) to thirty (30) months which she maxed out.[4] [Appellant] was then charged with Aggravated Assault while under the [i]nfluence, to which she plead guilty to a DUI and served a sentence of one (1) year and one (1) day to two (2) years and two (2) days in [a] state correctional institution.[5] Upon release, she accumulated a number of summary offenses in both Lewistown and Grandville Township.[6] [Appellant] was determined to have minimal contacts with county [sic], expressed wishes to be closer to her son and mother in New[ton] Hamilton, Pennsylvania, and had previous contacts with the state prison system. This information[,] in addition to her bail being revoked prior to sentencing due to reliable evidence that [Appellant] had produced three positive patches for cocaine, failed to follow up with the recommended treatment and services, failed to reside at her approved address, and failed to comply with the

directives of the supervised bail office, showed this [c]ourt [Appellant's] unwillingness to engage in steps to seek the help she requires.[7]

> [3]  *See* N.T., May 15, 2018 at page 3.
> [4]  *Id.*
> [5]  *Id.* at 4.
> [6]  *Id.*
> [7]  *Id.* at 10–17.

Contrary to [Appellant's] assertion now, the [c]ourt did consider her need for rehabilitation.  As the [c]ourt noted at sentencing, however, most of the opportunities for rehabilitation are "self-reporting" and [Appellant's] failure to "self-report" prevented her from taking advantage of those opportunities.[8] Given the numerous times this issue was addressed in dealing with the multiple violations committed by [Appellant] throughout her bail supervision, the [c]ourt did not believe that the sudden interest in rehabilitation expressed by [Appellant] at sentencing was sincere.

> [8]  *Id.* at 16–17.

A review of the matter clearly showed that all county-level efforts at rehabilitation had been exhausted and her contacts with the county were transient.  The instant sentence does provide [Appellant] with the opportunity to participate in drug, alcohol, and mental health treatment while incarcerated, and she will be able to pursue further treatment upon release to supervision.

Trial Court Opinion, 8/10/18, at 1–2.

Upon review, we conclude Appellant's claim that the trial court failed to consider Appellant's characteristics, the nature of the offense, and her rehabilitative needs is meritless.  Indeed, equipped with a PSI, the trial court considered all of the factors Appellant identifies on appeal as relevant to consideration of her personal circumstances and characteristics. ***See Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013) ("Where

the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Specifically, the trial court considered Appellant's recidivism and repeated failures to avail herself of the opportunities to rehabilitate. Trial Court Opinion, 8/10/18, at 1–2. The sentence was not excessive in light of those factors. Appellant has failed to establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Thus, Appellant's sentencing challenge lacks merit.

Finally, we have independently reviewed the record in order to determine if appellate counsel's assessment about the frivolous nature of the present appeal is correct. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (holding that, after determining counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). After review of the issue raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant appellate counsel permission to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/11/2019